**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| Wendell Dwayne O'Neal | } | Miscellaneous Proceeding |
| d/b/a/ Thirteenth Dimension, LLC, | } | No. 22-80001-CRJ |
| | } | |
| | } | |
| | } | |
| Movant. | } | |

**MEMORANDUM OPINION ON MOTION**
**TO REINSTATE MISCELLANEOUS PROCEEDING**

This matter is before the Court on the Motion to Reinstate the Miscellaneous Proceedings Pursuant to the District Court's Amended Injunction, ECF No. 50 (hereinafter the "Motion to Reinstate"), and the Application to Have the Chapter 7 Filing Fee Waived, ECF No. 51, filed by Movant, Wendell Dewayne O'Neal (hereinafter "O'Neal"), seeking to reinstate the above-styled Miscellaneous Proceeding.

The Court has carefully considered the Motion to Reinstate, the Application to Have the Filing Fee Waive, including all attachments thereto, and the applicable law and hereby makes the following findings of fact and conclusions of law pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, finding that O'Neal has failed to establish that cause exists to reinstate the above-styled Miscellaneous Proceeding for the reasons stated below.[1]

## I.     Procedural History and Findings of Fact

On April 28, 2022, O'Neal first sought leave from this Court to file a Chapter 11 bankruptcy petition by filing an Application for Leave to File a Chapter 11 Bankruptcy Petition in Accordance with the Order of the Northern District of Alabama, ECF No. 1 ("Application for Leave to File"),

---

[1]     To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

Case 22-80001-CRJ    Doc 52    Filed 03/27/26    Entered 03/27/26 14:43:32    Desc Main
Document     Page 1 of 20

seeking permission to file for relief under Chapter 11 of the Bankruptcy Code, in part, for the stated purpose of discharging a sanctions order entered by the United States District Court for the Northern District of Alabama, Northeastern Division (hereinafter the "District Court") against O'Neal in the amount of $6,500.00 for vexatious litigation tactics (hereinafter the "Sanctions Order").[2]

### A.      Sanctions Order

The District Court entered the Sanctions Order on December 4, 2020, dismissing a Complaint filed by O'Neal against Allstate Indemnity Insurance Company, Inc. (hereinafter "Allstate"), the attorneys involved in the Allstate litigation, and the presiding state court judge who approved his settlement with Allstate for a policy-limit payout.  The Complaint generally alleged that the Allstate defendants conspired to deny O'Neal full recovery under his mother's uninsured/underinsured motorist policy. The District Court dismissed the Complaint based on lack of subject-matter jurisdiction but explained that dismissal alone would not be a sufficient deterrent to O'Neal's vexatious litigation tactics, stating:

> O'Neal, a seasoned and prolific filer of abusive lawsuits, must be sanctioned for bringing yet another meritless action, one of dozens that he's brought in legal fora across the country. This case is but one of twenty that he has filed in the Northern District of Alabama, a home-district concentration that belies the national scope of his litigious zeal.[3]

The District Court further explained that O'Neal had filed at least twenty lawsuits in the Northern District of Alabama and was involved in at least forty-seven other cases in District Courts across the country; O'Neal had also been party to at least twenty-seven appeals in various Circuits; and that O'Neal had "demonstrated a years-long pattern of filing frivolous lawsuits throughout the country, imposing enormous costs on defendants, attorneys, and judicial systems throughout the country."[4] Turning to the action filed against the Allstate defendants, the District Court specifically found that the

---

[2]      District Court Order 5:20-CV-743-LCB, ECF No. 105.
[3]      *Id.* at 13-14 (citations omitted).
[4]      *Id.* at 19.

2

Complaint was based on a legal theory that did not have a reasonable chance of success and that it could not be advanced as a reasonable argument to change existing law; that the claims were without merit and frivolous; that the case had been brought for an improper purpose following successive suits brought on the same facts; and that the motions for sanctions filed by O'Neal against the Allstate defendants served only to harass.

Based on these findings, the District Court concluded that O'Neal is a vexatious litigant who will be "deterred from continuously filing frivolous lawsuits only with the imposition of both monetary and non-monetary injunctions."[5] Accordingly, the District Court imposed monetary sanctions against O'Neal in the amount of $6,500.00 and entered an injunction requiring O'Neal to seek leave of court before filing future *pro se* pleadings in any federal court.[6] The Sanctions Order further provided that any new action filed in a federal court must be accompanied by a $1,000.00 surety bond, refundable upon a finding that the proceeding was filed in good faith.[7]

On October 19, 2021, the Eleventh Circuit entered an Opinion affirming the Sanctions Order, finding that the District Court properly dismissed O'Neal's claims for lack of subject matter jurisdiction and did not abuse its discretion in imposing monetary sanctions and the prefiling injunction.[8] The Court of Appeals explained that the "District Court acted well within its discretion to sanction O'Neal for costly, abusive, and vexatious filing behavior."[9] The Eleventh Circuit stated that the "record fully supports the district court's finding that by filing this lawsuit and moving for sanctions without an objective basis in law, O'Neal violated Rule 11 and that the sanctions were appropriate both under Rule 11 and the district court's inherent powers."[10] The Eleventh Circuit further determined that

---

[5]     *Id.* at 20.
[6]     *Id.* at 25-34.
[7]     *Id.* at 28.
[8]     *O'Neal v. Allstate Indem. Ins. Co. Inc. et al.*, Case No. 20-14712, 2021 WL 4852222 (11th Cir. Oct. 19, 2021).
[9]     *Id.* at 10.
[10]     *Id.*

3

the pre-filing injunction was a "reasonable response to O'Neal litigious history," and explained that "[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed."[11]

On February 25, 2022, the mandate issued and the Eleventh Circuit's Order became a final judgment. Three days later on February 28, 2022, the District Court entered an Order Denying Movant's *Motion for Leave to Obtain Relief from the Renewed Monetary Sanctions Order Based upon Newly Discovered Evidence that Allstate Withheld $3,002.86 in Insurance Proceeds Contrary to Settlement Agreement Terms as Provided Pursuant to FRCP. Rule 60(b)(2)(3)(4)(5)(6)*, stating, in part:

> As best the Court can ascertain, O'Neal seeks to vacate the injunction issued on December 4, 2020, insofar as it requires O'Neal to pay monetary sanctions and to post a $1,000 bond before filing any new action or other proceeding. . . . The majority of O'Neal's motion appears to be a rehash of issues that have already been decided by [the District Court] and affirmed by the Eleventh Circuit Court of Appeals.[12]

### B. Application for Leave to File

After O'Neal filed his Application for Leave to File in this Court on April 28, 2022, the Court entered an Order scheduling the matter for hearing on May 18, 2022 to determine whether O'Neal should be permitted to file a Chapter 11 bankruptcy petition, ECF No. 3. Prior to the scheduled hearing, O'Neal filed an Argument for Leave to File a Chapter 7 or 11 Bankruptcy Petition in Accordance with the District Court of Alabama's Permanent Injunction Order, requesting a one-month continuance in order to obtain legal representation for his company Thirteenth Dimension, LLC, ECF No. 5. The Court approved the requested continuance and entered an Order continuing the hearing to June 15, 2022, ECF No. 6.

Thereafter, O'Neal filed a succession of pleadings, including a Motion for the Appointment of Counsel to Reorganize Under Chapter 11 or Alternatively for Converting the Petition into a Chapter 7 Proceeding, ECF No. 9; a Crisis Management Agreement for the Development of Wendell O'Neal's

---

[11] *Id.* at 11.
[12] *See* District Court Order, 5:20-CV-743-LCB, ECF No. 117.

4

Legal Claims Against Persons, ECF No. 11; and O'Neal's Supplemental Exhibit Showing Allstate's Instructions to Bill the Medicaid Agency in Support of the Motion for the Appointment of Counsel to Reorganize Under Chapter 11 or Alternatively for Converting the Petition into a Chapter 7 Proceeding, ECF No. 12.

Then on May 9, 2022, O'Neal filed an Emergency Motion for an Injunction Stay Against Creditor's Collection Activities Pending the Outcome of the Court's Decisions on the Motion for Counsel to Reorganize Under Chapter 11 or Alternatively for Proceeding Under Chapter 7, ECF No. 15 (the "Emergency Motion"), arguing, in part, that he had sought leave to file bankruptcy because Allstate falsified liability coverage for an unregistered automobile according to newly discovered evidence which would have "a final judgment effect against" the Sanctions Order.[13] O'Neal further argued therein that the District Court had prevented him from complying with the Sanctions Order by imposing the surety bond requirement which in turn prevented him from filing yet another lawsuit against Avectus Healthcare Solutions, LLC for the recovery of state court settlement proceeds in the amount of $3,002.86. Accordingly, O'Neal sought an injunction from this Court against the Sanctions Order. O'Neal further requested the appointment of counsel and an emergency injunction to prevent the repossession of his vehicle that he had purchased with the disputed Allstate settlement proceeds.

On May 11, 2022, the Court entered an Order on the Emergency Motion, finding that the relief requested could not be granted in a Miscellaneous Proceeding until a determination was made regarding the Application for Leave to File, ECF No. 17. The Court explained that the wide-ranging, legally unsupported relief requested in the Emergency Motion appeared to be a continuation of the vexatious litigation tactics which began in the District Court. The Court determined that such tactics could not be the basis for expedited relief in the Bankruptcy Court.

---

[13]     Emergency Motion, ECF No. 15, p. 2.

Thereafter, O'Neal filed another succession of pleadings in this Court, including a Proposed Filing of the Plan to Reorganize Under Chapter 11 Alternatively, for Liquidation and Redemption Under Chapter 7, ECF No. 18; Motion for Counsel Pursuant to Qui Tam Claims Under Chapter 11 or Converting the Petition to Chapter 7 for Liquidation to Recover Assets, ECF No. 19; Notice of Responses to Stay the Appeal Pending the Outcome of Bankruptcy Proceedings, O'Neal v. Allstate Indemnity Insurance Company, Inc., ECF No. 21; and O'Neal's Valid Chapter 7 Petition for an Automatic Stay Pending the Outcome of the Hearing Scheduled for 6/15/22, ECF No. 22.

On May 16, 2022, the Court entered an Order on O'Neal's Valid Chapter 7 Petition for an Automatic Stay Pending the Outcome of the Hearing Scheduled June 15, 2022, ECF No. 25, finding that O'Neal's unauthorized Chapter 7 petition and other filings violated the District Court's prefiling injunction, same were void and of no effect, and that no automatic stay existed in the Miscellaneous Proceeding. The Court further found that O'Neal could not file a bankruptcy petition until the Court determined, after notice and hearing, whether or not the relief requested in the Application for Leave to File should be approved. In addition, the Court determined that O'Neal's repeated filings in violation of the Sanctions Order and in circumvention of the Court's scheduled June 15, 2022 hearing displayed a lack of good faith in connection with the Miscellaneous Proceeding and the pending Application seeking permission to file bankruptcy.

Thereafter, on the same day, O'Neal filed a Motion for the Waiver or Installment of Filing Fees Pursuant to Commencing an Adversary Proceeding for Recovery of Estate Property, ECF No. 26, and a lengthy Chapter 7 Motion for An Adversary Proceeding, ECF No. 27, seeking to recover $3,002.86 from Allstate, Avectus, or the Huntsville Hospital, plus $1,000,000.00 in punitive damages from Avectus for alleged "misrepresentation and fraud incident to publishing the false $3,002.86 dollar debt that resulted in years of litigation . . ."[14]

---

[14]     Chapter 7 Motion for an Adversary Proceeding ECF No. 27.

On May 17, 2022, the Court entered an Order Denying Chapter 7 Motion for an Adversary Proceeding, ECF No. 28, prohibiting O'Neal from filing an Adversary Proceeding until a determination was made permitting O'Neal to file bankruptcy. The Court further explained therein, that if a determination was made permitting O'Neal to file a Chapter 7 petition, only the appointed Chapter 7 Trustee would have standing to file an Adversary Proceeding to recover property of the bankruptcy estate.

As customary, O'Neal continued filing pleadings prior to the disposition of his Application for Leave to File. *See* Notice about Obtaining U.S. Attorney Counsel, ECF No. 33; Notice of Chapter 7 Schedules A-F for Proceeding, ECF No. 34; Notice of Intentions for Filing Under Chapter 7, ECF No. 35; and Notice of Addendum to Form 108. Statement of Intentions, Predatory Lending and Deceptive Trade Practices, ECF No. 36.

On June 2, 2022, the Court entered an Order Requiring Surety Bond, ECF No. 37, directing O'Neal to comply with the District Court's Sanctions Order by filing a $1,000.00 surety bond prior to the hearing scheduled on his Application for Leave to File. Instead, on June 13, 2022, O'Neal filed a Notice of Appeal, appealing both the Order Requiring Surety Bond and the Order on O'Neal's Valid Chapter 7 Petition for an Automatic Stay Pending the Outcome of the Hearing Scheduled on June 15, 2022, ECF No. 39.

On October 21, 2022, the District Court entered an Order requiring O'Neal to post the $1,000.00 surety bond that he was required to file with the Bankruptcy Court with his initial Application for Leave to File and to provide proof to the District Court that he had done so or the appeal would be dismissed without further notice, ECF No. 49. O'Neal did not post the surety bond and no further action took place in the Miscellaneous Proceeding which was subsequently closed after years of inactivity. Meanwhile, it appears that O'Neal has continued his pattern of vexatious litigation in other courts.

**C. Permanent Injunction Order**

On March 10, 2026, the District Court entered an Order granting O'Neal's Motion to Amend and Clarify Permanent Injunction Order (hereinafter the "Permanent Injunction Order"). [15] The Permanent Injunction Order states that since the Court entered the Sanctions Order, a series of events have transpired, necessitating amendment and clarification of the injunction to clarify that a "permanent injunction is . . . in order."[16] The District court explained as follows:

> O'Neal's filings are constant abusive, and enormously costly. Parties forced to defend themselves against O'Neal's unmitigated abuse must spend considerable time parsing his repetitive, jargon-rich pleadings, and spend their money on legal fees or, if attorneys, on increased malpractice-insurance premiums. The judicial system is no less burdened by his baseless suits. Courts across the nation have because of O'Neal spent countless hours reviewing filings, holding hearings, and drafting orders that lead invariably to dismissal. Well-established legal doctrines like Article III standing, res judicata, and the Rooker Feldman doctrine, developed each to protect would-be parties from the burdens of repeat and meritless litigation, doctrines meant to preserve the integrity of our federalist system, have all failed to deter O'Neal from bringing suit after frivolous suit. His briefs here and elsewhere show that he understands the role that they serve but will sue nevertheless, even when there is no chance of success on the merits. These doctrines may thus preclude recovery, but they have failed to prevent needless litigation—a failure that has borne enormous costs to society.

> This case presents a prime example. Though it appears that O'Neal incurred genuine physical injuries in his car accident . . . , none of the four lawsuits that he's filed has concerned legitimate claims against the tortfeasor or insurers, both of whom worked with O'Neal and his mother from the first to resolve his insurance claims. Rather, each case was based on a legally frivolous theory of law designed to harass the defendants. That there is no basis but harassment here is evident by his choice of defendants, a set that includes the state-court judge that presided over the lawsuits and the attorneys involved in litigating those actions. This sue-the-judge, sue-the-attorneys tactic of re-litigation is not new to O'Neal. *See, e.g., O'Neal v. Smith,* 5:14-CV-1365-MHH (N.D. Ala. 2014) (dismissing as frivolous a lawsuit against a Madison County Circuit Judge and several local attorneys).

> For these reasons, and for the reasons stated at the show-cause hearing, the Court finds it appropriate to **permanently enjoin O'Neal** from serving or filing new actions or other legal documents without pre-service or pre-filing leave of court. This permanent injunction supersedes the preliminary injunction entered on August 27, 2020. (Doc. 91).[17]

---

[15]     District Court Order, 5:20-CV-743-LCB, ECF No. 178.
[16]     *Id.* at 2.
[17]     *Id.* at 4-5 (emphasis added).

Accordingly, the Court permanently enjoined O'Neal from filing any motions or other documents in pending cases without preservice or prefiling leave of court, each document filed by O'Neal must be accompanied by an affidavit or unsworn declaration regarding necessity and good faith; all communications with the Court must be made by formal motion; failure by a court to respond/communicate with or answer O'Neal's communications will not be deemed to apply approval or consent thereto; and all documents must comply with Eleventh Circuit briefing requirements.[18]

With respect to new federal proceedings, the Permanent Injunction Order requires O'Neal to first obtain leave from court by complying with the following requirements: (i) the pleading must be accompanied by the full filing fee or an application to proceed in forma pauperis; (ii) the pleading must be accompanied by a $1,000.00 surety bond, except bankruptcy actions; (iii) new cases must be accompanied by a motion requesting leave to file; (iv) all pleadings must include a copy of the Injunction Order and a sworn affidavit; and (v) all actions filed against a defendant must include a list of prior lawsuits filed against the same defendant.

Next with respect to "**Lawsuits, Actions, Proceedings, Investigations, or Matters Anywhere Against Persons or Entities That Have Encountered Wendell Dwayne O'Neal in the District Court for the Northern District of Alabama,**" the District Court stated as follows:

> Wendell Dwayne O'Neal is permanently enjoined from commencing or purporting to commence or attempting to initiate any lawsuit, action, proceeding, investigation or matter of any kind in any forum or tribunal – judicial or administrative, federal, including professional disciplinary and grievance committees – without leave of this Court, against any person or entity that has encountered him in any capacity, or that has had any connection with litigation involving him in any way, in the United States District Court for the Northern District of Alabama: (a) judicial officers or other court personnel; (b) counsel involved in any proceedings in which O'Neal has been involved; and (c) other litigants involved in any proceedings in which O'Neal has been involved.[19]

---

[18]     *Id* at 5-7.
[19]     *Id.* at 11.

9

Finally, the Permanent Injunction Order states that nothing therein shall be construed to prohibit O'Neal from retaining a licensed attorney to represent him in any legal forum.[20] The Court notes that this provision regarding the retention of counsel may have been included in response to the finding in the case of *United States of America v. Wendell Dewayne O'Neal*, 24-CR-00110-LCB-HNJ, in which the Magistrate Judge determined that O'Neal was incompetent to represent himself in the proceeding before the Court.

### D. Motion to Reinstate

Eight days after the District Court entered the Injunction Order, O'Neal filed the Motion to Reinstate which is now before the Court, fixating on the one sentence contained therein eliminating the $1,000.00 bond requirement for Bankruptcy actions. Meanwhile, the Motion to Reinstate seeks to reinstate an adversary proceeding against Allstate, Avectus, and Huntsville Hospital in direct violation of the injunction issued by the District Court on March 10, 2026 permanently enjoining O'Neal from attempting to initiate any lawsuit, action, or proceeding against any person or entity that has encountered O'Neal in the Northern District of Alabama without seeking leave from the District Court.

In the Motion to Reinstate, O'Neal states, in part, that the District Court was aware that multiple creditors had filed state court lawsuits against him because he could not post the surety bond. Nevertheless, O'Neal states that the District Court would not change the injunction to permit him to defend himself against the state court lawsuits without an endorsed pretrial diversion agreement. He further alleges that the U.S. Attorney General filed a "false nine count criminal contempt indictment against O'Neal because he drafted pleadings to defend against Allstate's allegations that the clerk filed."[21] O'Neal further states that the District Court "retained the $6,500.00 monetary sanctions orders that Allstate obtained by falsifying its unlicensed tortfeasor was covered when the accident happened

---

[20]     *Id.* at 13.
[21]     Motion to Reinstate, ECF No. 50, p. 4.

against O'Neal contrary to the prior Alabama DPS and HMS determinations as set forth within multiple pleadings filed before this court during the miscellaneous" proceeding.[22]

Finally, O'Neal requests that this Court reinstate his Miscellaneous Proceeding, stating, in part, as follows:

> . . . . Allstate caused the Northern District Court to issue an invalid and unenforceable $6,500.00 thousand-dollar vexatious litigant monetary sanctions order contrary to knowing the tortfeasor was not covered when the accident happened. O'Neal's motions to reinstate all previously filed pleadings, including an adversary proceeding, to recover $3,002.85 dollars that Allstate unlawfully paid to Huntsville Hospital contrary to Medicaid regulations.[23]

In what appears to be an attempt to comply with the requirement contained in the Permanent Injunction Order, that any new proceeding filed by O'Neal must include a list of prior lawsuits filed against the same defendants, O'Neal also attached the following Orders to the Motion to Reinstate: (i) Order dated December 22, 2023 issued by the Northern District striking O'Neal's pro se motion for the District Judge to recuse himself, *See O'Neal v. Allstate Indemnity Ins. Co., et al.*, 20-CV-743-LCB, United States District Court, Northern District of Alabama, Northeastern Division; (ii) Final Order issued by the Circuit Court of Limestone County, Alabama entering judgment in favor of LVNV Funding, LLC and against O'Neal in the amount of $2,689.34, *See LVNV Funding LLC, v. O'Neal*, 44-CV-2024-000036.00, Circuit Court of Limestone County, Alabama; (iii) Order dated April 16, 2025 granting summary judgment in favor of PNC Bank, N.A., in the amount of $15,753.80, *See PNC Bank, N.A. v. O'Neal*, 44-CV-2024-900333.00, Circuit Court of Limestone County, Alabama; (iv) Order on Allstate's Motion to Quash, denying O'Neal's motion to add Allstate as a third-party defendant in violation of the Sanctions Order, *See LVNV Funding, LLC v. O'Neal*, 44-CV-2025-000009.00, Circuit Court of Limestone County, Alabama; and (v) Order dismissing O'Neal's appeal for failure to appear, *See LVNV, LLC v. O'Neal*, 44-CV-2026-000003.00, Circuit Court of Limestone County, Alabama.

---

[22]      *Id.* at 5.
[23]      *Id.* at 6.

Thus, after being found to have engaged in vexatious litigation by the District Court in 2020, O'Neal has continued to engage in vexatious litigation in Limestone County during the last four years. He now seeks to return to the Bankruptcy Court after losing in state court.

### E.  Application to Have the Filing Fee Waived

In his Application to Have the Filing Fee Waived, ECF No. 51 ("Application to Proceed In Forma Pauperis"), O'Neal states that he has no income, that he receives non-cash governmental assistance in the form of monthly SSA disability benefits, and that he does not expect his income to change by more than 10% during the next six months.  He reports average monthly expenses in the amount of $994.00 but states that his expenses are likely to increase by more than 10% during the next six months due to "MULTIPLE ADVERSE STATE COURT JUDGMENTS . . . W/O ABILITY TO PAY."[24]

O'Neal lists bank accounts and other deposits of money totaling $57.79 and affirms that he does not own a home. In response to Question 16. Money or property due to you?, O'Neal asserts that he is owed $3,002.86 by Allstate for "lawsuits" and lists the above-styled Miscellaneous Proceeding as an asset.[25]

In support of his Application to Proceed in Forma Pauperis, O'Neal attached an Order recently issued by the United States Court of Federal Claims on March 10, 2026, denying his Motion for Leave to Change Venue because his Complaint against the United States had previously been dismissed without prejudice.  Nevertheless, the Court approved his Motion for Leave to Proceed In Forma Pauperis.[26]

---

[24]  Application to Have Filing Fee Waived, ECF No. 51, Part 2.
[25]  *Id.* at Part 3.
[26]  *See O'Neal v. United States*, CV 00313-AS, United States Court of Federal Claims (March 10, 2026).

## II. Conclusions of Law

A fundamental objective of the Bankruptcy Code is to provide a procedure by which honest but unfortunate debtors "can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort."[27] The history outlined above reveals that O'Neal is clearly not an honest but unfortunate debtor seeking to reorganize his affairs by making peace with his creditors. Instead, he is a *pro se* litigant who seeks a lifetime in court harassing the same parties with no end in sight despite the Permanent Injunction Order recently issued by the District Court. The Bankruptcy Court is not the proper venue to relitigate matters previously decided by the Appellate, District and State Courts.

### a. Standard to Reopen/Reinstate a Proceeding

Section 350(b) of the Bankruptcy Code states that a closed "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."[28] When determining whether to exercise their equitable powers, bankruptcy courts will "not re-open a bankruptcy case to allow an issue previously litigated in state court" to be relitigated in the bankruptcy court.[29] A bankruptcy case should also "not be reopened where it would be a futile exercise or waste of judicial resources. . . . If a moving party cannot obtain the substantive relief which it intends to seek, 'then there is no reason to grant a motion to reopen.'"[30] "The decision to re-open a case is a decision solely within the discretion of the bankruptcy court."[31]

---

[27]    *Beem v. Ferguson (In re Ferguson),* 713 Fed. Appx. 974, 977 (11th Cir. 2018)(quoting *In re St. Laurent,* 991 F.2d 672, 680 (11th Cir. 1993)).
[28]    11 U.S.C. § 350(b).
[29]    *In re Hackney,* 2007 WL 128739 *3 (Bankr. N.D. Ala. 2007)(Mitchell, J.).
[30]    *In re Group Mgmt. Corp.,* 2022 WL 14929963 *17 (Bankr. N.D. Ga. 2022)(Hagenau, J.)
[31]    *In re Hackney,* 2007 WL 128739 at *3.

As an initial matter, the Court finds that it is unclear whether the Miscellaneous Proceeding can be reopened or reinstated pursuant to § 350(b) because "[t]he majority of courts, which have addressed the issue of whether Section 350(b) authorizes the reopening of a dismissed case, have . . . . held [that] a dismissed case may not be reopened under Section 350(b)," explaining that "only cases whose estates have been administered and closed may be reopened pursuant to that Section."[32]  In this instance, O'Neal never obtained leave to file a bankruptcy petition because he failed to comply with the Order Requiring Surety Bond as affirmed on appeal. Thus, O'Neal never obtained relief from this Court to file a Chapter 7 petition and no activity has taken place in this matter since October of 2022 when the District Court affirmed the Order Requiring Surety Bond.  Accordingly, there is no "case" before the Court to reopen or reinstate to administer assets or to accord substantive relief to a debtor for purposes of § 350(b).

However, "the same result may be achieved if an order of dismissal is vacated pursuant to Rule 9024."[33]  To determine whether cause exists to reopen or reinstate a dismissed proceeding, the Eleventh Circuit has explained that the Bankruptcy Code "incorporates the standards of Rule 60(b), Fed. R. Civ. P. *See* Fed. R. Bankr. P. 9024 . . . [under which] a party may be relieved from a final judgment or order for several reasons. Among these are the following: newly discovered evidence, fraud or misrepresentation, the judgment is void or has been discharged or vacated, and 'any other reason that justifies relief.' Fed. R. Civ. P. 60(b)."[34]  Other non-exclusive factors considered by courts include: "(1) the length of time the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum; (4) the extent of the benefit to *any*

---

[32]     *Bishop v. Gamble (In re Bishop)*, 2009 WL 348844 (Bankr. N.D. Ala. 2009(Robinson, J.).
[33]     *In re Bishop*, 2009 WL 348844 *4.
[34]     *Mohorne  v. Beal Bank (In re Mohorne)*, 772 Fed. Appx. 846, 847 (11th Cir. 2019).

14

*party* by reopening; and (5) whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted."[35]

The Motion to Reinstate does not state cause to reinstate the miscellaneous proceedings, especially after four years. While O'Neal argues, in part, that he seeks to reinstate the Miscellaneous Proceeding because certain creditors obtained state court judgments against him after he failed to post the surety bond, in reality this appears to be yet another attempt by O'Neal, a vexatious litigant who is subject to a permanent injunction issued by the District Court, to continue his pattern of abusive and costly litigation. O'Neal states in the Motion to Reinstate that he seeks to "reinstate all previously filed pleadings, including an adversary proceeding, to recover $3,002.85 dollars that Allstate unlawfully paid to Huntsville hospital contrary to Medicaid regulations."[36] He further appears to challenge the $6,500.00 monetary sanction issued by the District Court, stating that "Allstate caused the Northern District Court to issue an invalid and unenforceable $6,500.00 thousand-dollar vexatious litigant monetary sanctions order contrary to knowing the tortfeasor was not covered when the accident happened."[37]

No action has been taken in this proceeding for more than three years after the District Court entered its Order in October of 2022, requiring O'Neal to post the $1,000.00 surety bond that he was required to file the with Bankruptcy Court with his initial Application for Leave to File. Further, it is clear O'Neal seeks to reopen the Miscellaneous Proceeding, not to reorganize his affairs by making peace with his creditors, but instead to continue the pursuit of claims against Allstate which have been foreclosed by the Permanent Injunction Order and to obtain relief from the monetary sanctions imposed therein. While O'Neal is correct that the District Court amended the Sanctions Order to eliminate the $1,000.00 surety bond requirement for bankruptcy actions, the Permanent Injunction Order

---

[35]    *In re Environmental wood Products, Inc.,* 609 B.R. at 912.
[36]    Motion to Reinstate, ECF No. 50, p. 6.
[37]    *Id.* at p. 4.

15

nevertheless permanently enjoined O'Neal from commencing or purporting to commence . . . any . . . proceeding . . . without leave of this Court, against any person or entity that has encountered him in any capacity, or that has had any connection with litigation involving him in any way, in the United States District Court for the Northern District of Alabama," including "other litigants involved in any proceedings in which O'Neal has been involved."[38]  The Permanent Injunction Order does not require or even support reinstatement of the bankruptcy proceeding, but merely removes the $1000 bond requirement.  O'Neal still must meet the requirement of good faith filings to obtain leave to make filings in the bankruptcy court.

Turning to the facts before the Court, there has been no activity in this proceeding for more than three years and the Court finds no basis to reinstate the proceeding for the obvious purpose intended by O'Neal. The Bankruptcy Court is not the appropriate forum to file yet another Complaint against Allstate given that relief to proceed against Allstate and other defendants must be sought from the District Court pursuant to the Permanent Injunction Order.

The Court further finds that it is clear from the outset that  no relief would be forthcoming if the Miscellaneous Proceeding were reinstated.  O'Neal states that he has no income and it appears that he has very limited assets, if any, other than his purported lawsuit against Allstate which he has been permanently barred from continued pursuit without seeking relief from the District Court.  Simply stated, O'Neal has nothing to reorganize. While certain creditors may have obtained judgments against O'Neal during the past three years, it does not appear that he has any assets or income to protect, nor any affairs to reorder in bankruptcy.

Additionally, the Court finds that even if this proceeding were reinstated to allow O'Neal to proceed under Chapter 7 of the Bankruptcy Code, such case would very likely be subject to dismissal under 11 U.S.C. § 707(a) of the Bankruptcy Code pursuant to which the Court may dismiss a case after

---

[38]  *Id.* at 11.

notice and hearing "for cause."[39] In the case of *Piazza v. Nueterra Healthcare Physical Therapy (In re Piazza),* the Eleventh Circuit held as a matter of first impression that "the power to dismiss a case 'for cause' in § 707(a) includes the power to involuntarily dismiss a Chapter 7 case based on prepetition bad faith"[40] "Bad-faith filings significantly burden the legal system in general and bankruptcy courts in particular."[41] Accordingly, the Eleventh Circuit held that "[p]repetition bad faith unquestionably constitutes adequate or sufficient reason to dismiss a Chapter 7 petition."[42]

"[I]n light of its inherently discretionary nature, a totality-of-the-circumstances approach is the correct legal standard for determining bad faith under § 707(a)."[43] Under the totality-of-the-circumstances inquiry, "bad faith is ultimately 'evidenced by the debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code."[44] The determination of bad faith is a "fact-driven analyses" which "looks for 'atypical conduct' by a debtor which offends the 'honest and forthright spirit of the Bankruptcy Code."[45] Here, O'Neal's continued efforts to pursue litigation in this Court which has been permanently enjoined by the District Court clearly constitutes "atypical conduct . . which offends the 'honest and forthright spirit of the Bankruptcy Code."[46] For all of the foregoing reasons, the Court finds pursuant to Bankruptcy Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure that O'Neal has failed to establish that the above-styled Miscellaneous Proceeding should be reinstated.

 b. **Vexatious Litigation**

---

[39]  11 U.S.C. § 707(a).
[40]  *Piazza v. Nueterra Healthcare Physical Therapy (In re Piazza),* 719 F.3d 1253, 1261 (11th Cir. 2013).
[41]  *In re Piazza,* 719 F.3d at 1262.
[42]  *Id.* at 1271.
[43]  *Id.*
[44]  *Id.* at 1272.
[45]  *In re Callier,* 2023 WL 6416398 *5 (Bankr. S.D. Ga. 2023).
[46]  *Id.*

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."[47]  "The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[48]  The All Writs Act "allows courts 'to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments" including the "power to enjoin litigants who are abusing the court system by harassing their opponents."[49]  "A vexatious litigant does not have a First Amendment right to abuse the judicial process with 'baseless filings in order to harass someone to the point of distraction and capitulation."[50]  Indeed, as explained by the Eleventh Circuit, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others, and a litigant 'can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.'"[51]  The Eleventh Circuit has confirmed that Bankruptcy courts are likewise empowered to enjoin litigants from abusing the court system by exercising both the authority provided by the All Writs Act,  as well as their authority under "11 U.S.C. § 105(a), which provides that the court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.[52]

"Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants."[53] "A claim is frivolous if it is without arguable merit either in law or fact. And even if a

---

[47]     *Maid of the Mist Corp. v. Alcatraz Media, LLC,* 388 Fed. Appx. 940, 942 (11th Cir. 2010)(quoting *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986)).
[48]     *Id.* at 942(quoting *Klay,* 376 F.3d at 1099 and 28 U.S.C. § 1651(a)).
[49]     *Id.*(citing *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir.1980)).
[50]     *Laosebikan v. The Coca-Cola Co.,* 415 Fed. Appx. at 215.
[51]     *Maid of the Mist Corp. v. Alcatraz Media, LLC,* 388 Fed. Appx. 940, 942 (11th Cir. 2010).
[52]     *Rohe v. Wells Fargo Bank, N.A. (In re Rohe)*¸ 988 F.3d 1256, 1268 (11th Cir. 2021).
[53]     *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008)(quoting *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 516 (11th Cir. 1991)).

18

complaint legally states a claim, a dismissal on grounds of frivolousness might be justified in certain narrow circumstances, such as a 'questionable claim' by a litigant with a 'long history of bringing unmeritorious litigation' or where 'an affirmative defense would defeat such action.'"[54]

While overly litigious individuals may not "be completely foreclosed" from access to the courthouse, their right to proceed with continuous, repetitive, and abusive litigation is "neither absolute nor unconditional.'"[55]  Instead, when faced with such litigants, conditions and restrictions "are necessary to preserve the judicial resource for all other persons."[56]

After carefully reviewing the Motion to Reinstate and the Application to Proceed Informa Pauperis, and the attachments to the pleadings, the Court finds that the relief requested in the Motion to Reinstate is frivolous. O'Neal has engaged in an ongoing and continuing vendetta against the same parties which have been litigated in the District Court and State Courts which he now seeks to continue in this Court.  The Miscellaneous Proceeding will not be reopened after three years of inactivity simply to allow O'Neal to continue litigation that has been permanently enjoined by the District Court.  The pattern of vexatious litigation in which O'Neal has engaged will not proceed in the Bankruptcy Court. As explained by the Eleventh Circuit in the case of *Alderwoods Group, Inc. v. Garcia* (*In re Alderwoods Group, Inc.*), 682 F.3d 958, 967 (11th Cir. 2012), bankruptcy courts are "duly established court(s) of equity" and as such, they have inherent "power to issue an injunction when necessary to prevent the defeat or impairment" of their jurisdiction.  It is clear that O'Neal is not a *pro se* litigant looking for his day in court but instead seeks a lifetime in court pursuing the same defendants.  There has been no activity in this proceeding for more than three years, during which time O'Neal has continued his pattern of harassing litigation against the same parties.  He now seeks to reinstate this proceeding without any good faith purpose to reorganize or liquidate under the Bankruptcy Code but

---

[54]     *In re Watkins,* 2024 WL 4119035 *1 (11th Cir. 2024).
[55]     *Miller v. Donald,* 541 F.3d at 1096.
[56]     *Id.*

instead seeks another forum to litigate against the same defendants. The Motion to Reinstate presents no factual or legal basis for the relief sought. It has not been brought in good faith and constitutes unreasonable, vexatious litigation which cannot proceed in a court of equity. The Motion to Reinstate does not evidence an intent to obtain a fresh start in bankruptcy but rather to use this venue to continue O'Neal's years-long litigation against the same parties.

Reinstating a miscellaneous proceeding in which no activity has occurred for more than three years while the movant continued his pattern of vexatious litigation, most recently described by the District Court as "constant, abusive, and enormously costly,"[57] would be a futile exercise and waste of limited judicial resources under the circumstances outlined herein. The relief which O'Neal seeks, that is to reinstate a proposed Adversary Proceeding against Allstate and other defendants and to challenge the "invalid and unenforceable $6,500.00 thousand-dollar vexatious litigant monetary sanctions order" which he alleges Allstate caused the District Court to issue, does not constitute cause to reinstate his Miscellaneous Proceeding.

Based upon the foregoing, the Court finds that the Motion to Reinstate should be denied pursuant to 11 U.S.C. §§ 105(a) and 350(b) of the Bankruptcy Code, Bankruptcy Rule 9024, and Rule 60(b) of the Federal Rules of Civil Procedure for all of the reasons stated herein as there is no effective relief available to O'Neal if the Miscellaneous Proceeding is reinstated. A separate Order will be entered in conformity with this Memorandum Opinion denying the Motion to Reinstate.

**IT IS SO ORDERED.**

Dated this the 27th day of March, 2026.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

---

[57] District Court Order, 5:20-CV-743-LCB, ECF No. 178, p. 3.

20